**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODNEY CHARLES WHITE, SR.                                                      PLAINTIFF
ADC # 109629

v.                                        No. 5:09CV00148 JLH/HDY

LARRY NORRIS, Director, Arkansas Department
of Correction; ROGER CAMERON, Treatment
Coordinator, Arkansas Department of Correction;
BRYCE GEIGGER, Treatment Counselor, Arkansas
Department of Correction; DOES, John and Jane, ADC
Mental Health, Arkansas Department of Correction;
and RICHARD, Doctor, Arkansas Department of Correction            DEFENDANTS

## ORDER

Plaintiff, an inmate incarcerated at the Randall Williams Correctional Facility of the
Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2), pursuant to 42
U.S.C. § 1983, accompanied by an Application to Proceed *In Forma Pauperis* (docket entry #1).
For the reasons stated below, the Court orders that Plaintiff's claims be dismissed, pursuant to the
three-strikes provision of the Prison Litigation Reform Act ("PLRA").

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma
pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner
has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action
or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly
upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th
Cir. 2001).

During Plaintiff's incarceration, he has filed twelve prior § 1983 complaints in United States

District Court for the Eastern District of Arkansas.  Of these, at least three have been dismissed as frivolous or for failure to state a claim.[1]  Furthermore, Plaintiff's allegations, that he has been denied appropriate mental health care and is being compelled to participate in the department's "TC" program, the demands of which have caused further "debilitation in his mental health," do not amount to a claim that he was or is in imminent danger.

Although Plaintiff raises claims that the "stress" of the TC program caused him "physical, mental and emotional pain and suffering," his claims of high blood pressure, headaches and "sporadic weight loss" are not sufficient, when read in context of the relief sought – to set aside the disciplinary conviction Plaintiff received because of his refusal to participate in the program and relieve him of the obligation to complete the program – to raise Plaintiff's claims to the level of imminent danger.  *See McAlphin v. Toney,* 281 F.3d 709 (8th Cir. 2002)(emphasizing that, to qualify for the imminent danger exception to the three-strikes provision, a plaintiff must allege facts establishing that he or she was in imminent danger of serious bodily injury at the time of filing the complaint).  In sum, it appears from Plaintiff's Complaint and the accompanying attachments and addendums (docket entries ##3-4) that he is not in the TC program because he refused to participate, and therefore is not actually subject to the conditions of the program which allegedly cause him such stress.  The allegedly harmful "pain and suffering . . . has continued . . . from June 2008 to the present," which appears to also have been caused by the "overcrowded and noisy" living conditions *in prison*, is simply not the sort of "imminent danger" for which the exception was carved.  *See e.g.,*

---

[1]  *See e.g.*, *White v. Tobacco Super Store*, 2:95CV00063 HW, dismissed as frivolous; *White v. Arkansas Corr. Dep't. et al*., 1:03CV00002 JMM, dismissed for failure to state a claim and specifically designated a strike, aff'd. on appeal by the Eighth Circuit, case no. 03-1923; and *White v. Arkansas Board of Pardons & Paroles et al*., 4:09CV00090 WRW, dismissed on April 14, 2009, for failure to state a claim and specifically designated a strike.

*Edmond v. Texas Dep't. of Corr.,* 161 F. 3d 8 (5th Cir. 1998)(denial of mental health care for "nervous attacks" does not amount to "imminent dangers of serious physical injury" for purposes of the three-strikes provision); *Hudnall v. Earnshaw,* No. 09-00034-CG-B, 2009 WL 1451648, slip. op. (S.D. Ala. May 20, 2009)(conclusory allegations of denial of mental health care are inadequate. "In the absence of specific facts about his condition, the need for treatment and medication, and the 'serious physical injury' that he will sustain, Plaintiff has failed to meet his burden of showing that he was in imminent danger of serious physical injury in regard to his mental health claims at the time he filed this action."); *Pitman et al. v. Engstrom*, no. 5:08CV00198 BSM, 2008 WL 4831765, slip. op., (E.D. Ark. Nov. 3, 2008)(intervenor's argument that denial of adequate mental health care was insufficient to grant exception to three-strikes rule); *Jerelds v. Bark,*, no. 1:07CV00212 MP-AK, 2008 WL 80944, slip. op.(N.D. Fla. Jan. 4, 2008)(denial of appropriate mental health care by a licensed psychiatrist does not amount to "imminent danger"); *Censke v. Michigan Dep't. of Corr.*, no. 1:07CV201, 2007 WL 1238903 (W.D. Mich. April 27, 2007).

For all these reasons,

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE and his Motion for Leave to Appeal *In Forma Pauperis* is DENIED.  Should Plaintiff, within ten (10) days of the date of entry of this Order, submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the case style and number, his case may be re-opened.

DATED this 16th day of June, 2009.

_____

UNITED STATES DISTRICT JUDGE